UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| EDGAR MUIR, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 14-CV-8-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SPANEK, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Edgar Muir is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution-Ashland, located in Ashland, Kentucky. Proceeding without counsel, Muir has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1], challenging his 211-month federal sentence, and a motion to amend his § 2241 petition [D. E. No. 4]. Muir has paid the $5.00 filing fee. [D. E. No. 3]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to §

2241 petitions under Rule 1(b)). The Court evaluates Muir's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

For the reasons set forth below, the Court will deny Muir's habeas petition because the claims which he asserts cannot be pursued under 28 U.S.C. § 2241. The Court will grant Muir's motion to amend his § 2241 petition, but as explained below, will deny him the specific relief he requests in that motion.

## LITIGATION HISTORY

On April 3, 2008, Muir pleaded guilty in a Tennessee federal court to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Muir*, No. 1:07-CR-97-CLC-SKL-1 (E.D. Tenn. 2007) [D. E. No. 22, therein] Three months later, Muir was sentenced to a 211-month prison term, followed by three years of supervised release. [*Id.*, D.E. No. 26, therein] Muir appealed, arguing that the district court erred in considering uncharged conduct when calculating his sentencing guidelines range. The Sixth Circuit, however, affirmed Muir's sentence. *See id,* [D. E. No. 30, therein]; *see also* United States of America, No. 08-5858 (6th Cir. Jan. 26, 2010)].

The Sixth Circuit concluded that when the district court sentenced Muir, it recognized the advisory nature of the federal sentencing guidelines and considered all relevant sentencing factors, including the presentence report, and that it did not err by considering uncharged conduct when calculating Muir's sentencing guidelines range. [*Id.*, p. 3, therein] The court explained that judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard does not violate either Fifth Amendment due process rights or the Sixth Amendment right to trial by jury under *United States v. Booker*, 543 U.S. 220 (2005), and that accordingly, the facts supporting Muir's sentence enhancements did not require either Muir's admission or proof to a jury beyond a reasonable doubt. *Id.* The Sixth Circuit further noted that pursuant to 18 U.S.C. § 924(e), Muir faced a statutory maximum sentence of life imprisonment, but that he received only a 211-month prison sentence, well below the statutory maximum. [*Id.*, pp. 3-4, therein]

Based on the docket sheet from Muir's criminal proceeding and the information available from the on-line PACER database, Muir did not file a motion in the district court asking that his sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. In his habeas petition, Muir does not allege that he filed a motion seeking collateral relief pursuant to § 2255.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Muir alleges that the district court improperly sentenced him under the federal sentencing guidelines, in violation of his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution. Muir alleges that in calculating the term of his sentence, the district court improperly relied upon incorrect "offense conduct" information contained in his Pre-Sentence Investigation ("PSI") Report, wherein the probation officer concluded that Muir possessed the firearm in connection with another felony offense--kidnapping. Muir contends that the PSI was inaccurate because it did not specify that on April 11, 2008, the State of Tennessee dismissed the state kidnapping charge against him and expunged that charge from his criminal record. *See* D. E. No. 1, p. 2; *see also* 4/11/08 "Order for the Expungement of Criminal Offender Record," Circuit Court of Marion County, Tennessee, at Jasper [D. E. No. 1-4, p. 1].

Muir contends that because of the incorrect information contained in the PSI, the district court improperly relied on an expunged state court charge to enhance his federal prison sentence from 180 months to 211 months. Muir alleges that he is "actually innocent" of the kidnapping offense which the district court used to enhance his sentence, relying on a June 2013 decision of the United States Supreme Court: *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that

"[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155.

Muir further alleges that at sentencing, he received ineffective assistance of counsel, in violation of his right guaranteed by the Sixth Amendment of the U.S. Constitution. Muir contends that his trial counsel failed to advise the trial court that the PSI was incorrect with respect to the dismissal of the state kidnapping charge, and that had his counsel provided this material information to the district court, he would have received a substantially lower sentence. Muir seeks an order declaring his sentence to be "illegal and improper," *see id.*, p. 4, or alternatively, an order remanding his case to the district court for re-sentencing. [*Id.*] In a subsequent filing [D. E. No. 4], Muir also seeks permission to amend his 2241 petition to assert a claim challenging his current BOP security classification.

## DISCUSSION

Muir is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Muir challenges the constitutionality of his 211-month sentence on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for

federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief.

*Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

In his § 2241 petition, Muir does nothing more than challenge the length of his sentence, not his underlying firearm § 922(g) conviction, based on the same facts that he previously and unsuccessfully raised on direct appeal of that sentence. In affirming Muir's sentence, the Sixth Circuit explained that the Indictment did not charge Muir with the federal offense of kidnapping; that the district court was permitted to rely on the probation officer's description of the events set forth in the PSI, *i.e.*, that Muir had held a woman and her grandson at gun point and threatened to kill them, as a basis for enhancing Muir's sentence; and that by failing to challenge the "offense conduct" contained in the PSI, Muir thereby waived any objection to the information set forth in that portion of the PSI. *United States v. Muir*, No. 08-5858, at p. 3 (6th Cir. Jan. 26, 2010).

Further, as noted, Muir did not file a § 2255 motion in the district court alleging that at sentencing, his counsel was ineffective under the Sixth Amendment for failing dispute the PSI and clarifying that the state kidnapping charge had been dismissed. The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58. Section 2241 is not an

additional, alternative, or supplemental remedy to the one provided in § 2255. *Id.*, at 758. Thus, Muir has not demonstrated that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention.

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Muir contends that *Alleyne* establishes a constitutional right to have all elements used to increase his penalty charged in the indictment and proven beyond a reasonable doubt to the jury; that *Alleyne* is a new rule of law which applies retroactively; and that *Alleyne* affords him relief from his enhanced sentence. The

Supreme Court did not, however, indicate in *Alleyne* that its holding applies retroactively to cases on collateral review. While the *Alleyne* rule clearly applies to cases pending on direct appeal at the time it was decided, *United States v. Harakaly*, 734 F.3d 88, 94 n. 4 (1st Cir. 2013), numerous courts have held that *Alleyne* is not retroactively applicable to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (concluding that *Alleyne* establishes a new rule of constitutional rule, but that as an extension of *Apprendi* and *Apprendi*-based rule, *Alleyne* is not retroactively applicable); *United States v. Stewart*, 2013 WL 5397401, *1 N.1 (4th Cir. Sept. 27, 2013) (noting that "*Alleyne* has not been made retroactively applicable to cases on collateral review."); *In re Payne*, 733 F.3d 1027, 2013 WL 5200425 (10th Cir. 2013) (finding *Alleyne* set forth new rule of constitutional law but that the new rule provides no basis to authorize second or successive motion to vacate).[1] Thus, *Alleyne* offers Muir no retroactive relief under § 2241.

---

[1] This Court has determined that with respect to a motion filed under § 2255 seeking relief from a sentence, *Alleyne* does not apply retroactively. *See United States v. Potter*, No. 7:03-21-DCR, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E. D. Ky. July 31, 2013) (concluding that "the rule announced in *Alleyne* does not qualify as a watershed rule of criminal procedure" and noting that "[a] number of other district courts considering the matter have reached a similar conclusion"). This Court has also held that *Alleyne* does not afford retroactive relief to a petitioner seeking relief under § 2241. *See Smith v. Holland*, No. 13-CV-147–KKC, 2013 WL 4735583, at *4 (E. D. Ky. Sept. 3, 2013); *Parks v. Sepanek*, No. 13-CV-109-HRW, 2013 WL 4648551, at *3 (E.D. Ky. Aug. 29, 2013); *Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013).

Other district courts in this circuit have also held that *Alleyne* does not apply retroactively to cases on collateral review. *United States v. West*, Nos. 1:10-CR-12, 1:11-CV-742014 WL 671396, at *2 (E.D. Tenn. Feb. 19, 2014); *Nichols v. United States*, No. 1:13-CV-803, 2014 WL 357343 (W.D. Mich. Jan. 31, 2014); *Bowers v. Coakley*, No. 4:13 CV 332, 2013 WL 4084104, at *3 (N.D. Ohio

Muir also alleges that at sentencing, his trial counsel violated his Sixth Amendment rights by failing to inform the district court that the offense conduct set forth in the PSI was incorrect. Because Muir is proceeding without an attorney, the Court will briefly note two cases *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012),[2] which discuss when a defendant may assert certain types of claims alleging ineffective assistance of counsel. Neither of these cases is factually applicable to Muir's Sixth Amendment claim, but even assuming that Muir was denied effective assistance of counsel at sentencing, these cases do not announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United*

---

August 13, 2013) (holding that *Alleyne* did not provide relief under § 2241 because it "...is not such an intervening change in the law and does not decriminalize the acts which form the basis of [the petitioner's] conviction."); *United States v. Eziolisa*, No. 3:10-CR-039, No. 3:13-CV-236, 2013 WL 3812087, at *3 (S.D. Ohio, July 22, 2013) (holding that because *Alleyne* neither places any primary conduct beyond the power of the United States to punish, nor adopts a "watershed" rule, it does not apply retroactively to a motion for relief from sentence filed under § 2255).

[2] In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id.*

*States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. April 23, 2013).

Further, Muir does not allege that he is actually innocent of the underlying offense of which he was convicted, *i.e.*, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Instead, based on *Alleyne*, Muir contends only that the district court relied on an allegedly incorrect PSI and improperly enhanced his sentence under the federal guidelines, based on uncharged conduct. The savings clause, however, may only be applied when the petitioner makes a claim of actual innocence. *Alleyne* is a sentencing-error case, and claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims").

Simply put, the savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their *convictions*, not their enhanced sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-

6202 (6th Cir. March 15, 2013) (holding that sentencing error claims do not qualify as claims of actual innocence under the savings clause).

Finally, Muir has filed a motion to amend his 2241 petition to add the BOP as a respondent to this action, and to assert a claim challenging his current BOP security classification. The Court will grant Muir's motion to amend, but will deny him the relief that he requests. As previously discussed, an action brought under § 2241 is limited in scope to a challenge of some aspect of the execution of a federal prisoner's sentence. Muir's complaint about his current BOP security classification is a challenge to a condition of his confinement, and claims of that type must be asserted in a civil right proceeding under 28 U.S. C. 1331, pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), not in a habeas proceeding filed under § 2241.[3] The Court will deny Muir's claim on this issue without prejudice to his filing a *Bivens* civil rights action after he fully exhausts the claim through all of the BOP's administrative levels.

---

[3] *See Phillips v. Brady*, No. 3:10-CV-P617-S, 2011 WL 3489177, at * 2 (W.D. Ky. Aug.9, 2011); *McCray v. Rios*, No. 08-CV-206-ART, 2009 WL 103602, at * 4 (E.D. Ky. Jan.14, 2009); *Simmons v. Curtin*, No. 10-CV-14751, 2010 WL 5279914, at * 1 (E.D. Mich. Dec.17, 2010) ("Simmons's challenges to his security classification and resulting transfer to a different facility, however, are not attacks upon the execution of his sentence, and therefore, are not cognizable under § 2241."). When a prisoner files a § 2241 petition challenging conditions of his confinement, the proper course is to deny the petition "so that the would-be Plaintiff can properly assert the claims in a civil rights action." *McCray*, 2009 WL 103602, at *4; *McCall v. Ebbert*, 384 F. App'x 55, 57 (3d Cir. 2010). A district court should not convert a habeas petition into a civil action brought pursuant to *Bivens* or 42 U.S.C. § 1983. *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004).

In summary, Muir has not established that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, nor has he alleged a viable claim of actual innocence. Further, Muir may not pursue the relief which he seeks in his amended habeas petition in this § 2241 proceeding. The Court will therefore deny both Muir's original petition [D. E. No. 1] and his amended petition [D. E. No. 4-1], and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Edgar Muir's motion to amend his 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 4] is **GRANTED**, and the Clerk of the Court shall docket Muir's tendered amended petition [D. E. No. 4-1] as an **AMENDED § 2241 PETITION**;

2. Muir's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] and his Amended § 2241 Petition [D. E. No. 4-1] are **DENIED**;

3. The Court will enter an appropriate judgment; and

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This April 21, 2014.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

13